IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES PATE,

    Plaintiff,                      No. CIV S-05-848 KJM

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.                 ORDER

/

        Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. Plaintiff seeks fees based on 40.55 hours in 2005 at the rate of $160.91 per hour for attorney time and 4.5 hours in 2006 at the rate of $167.01 per hour, for a total amount of $7,276.32. Defendant contends the number of hours claimed is unreasonable.

        The EAJA directs the court to award a reasonable fee. In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998). Defendant contends hours expended by plaintiff's counsel are unreasonable. Specifically, defendant argues the number of

/////

1

hours claimed is excessive, duplicated effort should not be compensated and that counsel should have made more of an effort to settle his EAJA request.

In reviewing the transcript, briefing on the cross-motions for summary judgment and order granting remand in this case, as well as the time expended on tasks as set forth in plaintiff's schedule of hours, the court has determined the hours claimed are reasonable. Although two attorneys worked on this case, the amount of time expended by the junior attorney working on the brief and the reviewing attorney is neither disproportionate nor unreasonable. With respect to the total number of hours claimed by counsel, the court notes counsel did not represent plaintiff at the administrative level and had to become familiar with the case, which included a 278 page administrative transcript and involved complex issues related to Listings 2.02 and 2.04 relating to visual impairments. The court has scrutinized closely the hours claimed by counsel and finds no reason to believe they are inflated. In addition, defense counsel's claim that the time spent on preparing the motion for attorneys' fees might have been obviated had more intensive efforts been made to settle the claim is entirely speculative and in fact belied by the arguments defense counsel now makes in opposition. Therefore the court will order that counsel be paid for the claimed hours of attorney time spent in the prosecution of this action.

Accordingly, IT IS HEREBY ORDERED that fees pursuant to the EAJA are awarded to plaintiff in the amount of $7,276.32.

DATED: September 26, 2007.

_____
U.S. MAGISTRATE JUDGE

006
pate.fee

2